IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARREN..., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-410 |
| | § | |
| CITY OF NEW YORK, *et al.* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, styling himself "*darren...*", sued under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for numerous equitable and declaratory remedies regarding his New York birth certificate. (Docket Entry No. 4). The complaint is akin to, if not directly copied from, "sovereign citizen" suits that numerous other federal courts have dismissed as frivolous. *See, e.g.*, *Alexio v. Obama*, Civil No. 15-209, 2015 WL 5440800 (D. Haw. Sep. 15, 2015); *Bechard v. Rios*, Civil No. 14-867, 2014 WL 7366226 (W.D. Wis. Dec. 24, 2014). The plaintiff named as defendants the City of New York, five John Does, and his own birth certificate number. (Docket Entry No. 4). The plaintiff seeks various declarations of legal title as well as orders to alter the birth certificate and to exempt the plaintiff from statutory requirements that he acquire or display government-issued identification documents. (*Id.*). For the reasons explained below, the complaint is dismissed with prejudice.

A federal court has the "responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (internal

1

quotation and citation omitted). *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Trinity Marine Prod., Inc. v. U.S.*, 812 F.3d 481, 486 (5th Cir. 2016); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014).

A district court lacks jurisdiction over a federal claim if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 621 (5th Cir. 2017) (internal quotation and citation omitted). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Evn't*, 523 U.S. 83, 89 (1998). *See Stem v. Gomez*, 813 F.3d 205, 209–10 (5th Cir. 2016); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 608 (5th Cir. 2014); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Because the plaintiff is proceeding pro se, the court construes his pleadings liberally. *Martin v. Harrison Cty. Jail*, 975 F.2d 192 (5th Cir. 1992). Even liberally construed, the complaint does not state "simple, concise, and direct" allegations that provide a basis for the relief sought. FED. R. CIV. P. 8(d)(1). The plaintiff does not provide any basis for the court's jurisdiction over the New York defendants; the plaintiff has not filed a claim or received a waiver of immunity from the City

of New York consenting to suit; and the plaintiff's birth certificate number is not a justiciable entity.

Even if the plaintiff could correct these defects, the court must exercise "its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The plaintiff pleads the Declaratory Judgment Act as the sole basis for the court's jurisdiction. (Docket Entry No. 4). Under Fifth Circuit law, a district court must first find that it has subject matter jurisdiction over a controversy and then "resolve whether it has the authority to grant declaratory relief in the case presented." *Orix*, 212 F.3d at 895. If not, it must decline jurisdiction under the Declaratory Judgment Act. *Id.*

In this case, the court does not have subject matter jurisdiction, but even if it did, it must decline jurisdiction under the Declaratory Judgment Act because the court does not have the authority to order the relief the plaintiff seeks from the City of New York.

The complaint is dismissed with prejudice.

SIGNED on May 12, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge